IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

LEMIR BAKER-MOORE,

      Plaintiff,

v.                                Case No. 2:20-cv-00267

WARDEN AMES, *et al.*,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  Pending before the court are Defendants' motions to dismiss (ECF Nos. 17 and 32).  As thoroughly addressed in a separate Order and Notice, the undersigned has granted Plaintiff's motion for leave to file amended complaint (ECF No. 33), giving Plaintiff the opportunity to file a second amended complaint.  Consequently, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the pending motions to dismiss (ECF Nos. 17 and 32) without prejudice.

### I.    *STANDARD OF REVIEW*

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the

. . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).  However, to withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face."  *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'"  *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555).  A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss.  *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679.  This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief."  *Id.*  Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense."  *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged."  *Nanni v. Aberdeen Marketplace, Inc.*, 878

F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).  This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face."  *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

## II.    DISCUSSION

As set forth in more detail in the accompanying Order and Notice, while the complaint and amended complaint herein appear to state plausible claims for relief against Defendants Belcher, Wilson, and Lilly that require further development, the complaint and amended complaint fail to state plausible claims for relief against Defendants Ames, Jividen, Frame, and Toney (hereinafter collectively referred to as "the Supervisory Defendants").

The Supervisory Defendants' pending motions to dismiss assert that the conclusory allegations against them are insufficient to state a plausible claim for relief and further summarily assert that Plaintiff failed to exhaust the available administrative remedies concerning his claims before filing his complaint.  (ECF Nos. 17 and 32).  On July 21, 2021, Plaintiff filed another motion for leave to file amended complaint (ECF No. 33), requesting leave to file a "properly written" second amended complaint.

Even based upon a liberal reading of the complaint documents, and taking all of the factual allegations therein as true, Plaintiff's complaint (ECF No. 1) and amended complaint (ECF No. 28) are too conclusory to state a plausible claim for relief against the Supervisory Defendants.  Thus, dismissal of the claims against them, as pled, would be appropriate pursuant to Rule 12(b)(6).

However, the undersigned notes that "the Fourth Circuit has stated that a court should consider granting plaintiffs, particularly *pro se* plaintiffs, leave to amend if it

dismisses a complaint based on [Rule] 12(b)(6)." *Smith v. Virginia,* No. 3:08cv800, 2009 WL 2175759, at *9 (E.D. Va. July 16, 2009) (*citing Ostrzenski v. Seigel,* 177 F.3d 245, 252–53 (4th Cir.1999)).

> Amendment should be refused only if it appears to a certainty that plaintiff cannot state a claim. The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.

*Ostrzenski,* 177 F.3d at 253. Based upon this authority, by separate Order and Notice, the undersigned has granted the plaintiff leave to file a second amended complaint by **February 15, 2022.**

### III.    RECOMMENDATION

Due to leave being granted to Plaintiff to amend his complaint, to which new responsive pleadings will be required, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY WITHOUT PREJUDICE** the pending motions to dismiss (ECF No. 17 and 32), and leave this matter referred to the undersigned for additional proceedings.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made,

and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals.  *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on the opposing parties and Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy to the plaintiff, and to transmit a copy to counsel of record.

January 31, 2022

Dwane L. Tinsley
United States Magistrate Judge